**Jon P. Stride**
OSB No. 90388
Email: jons@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204
Direct Dial: 503.802.2034
Direct Facsimile: 503.972.3734

**Christopher J. Renk** (*pro hac vice application pending*)
Email: crenk@bannerwitcoff.com
**Erik S. Maurer** (*pro hac vice application pending*)
Email: emaurer@bannerwitcoff.com
**Michael Harris** (*pro hac vice application pending*)
Email: mharris@bannerwitcoff.com
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312.463.5000
Facsimile: 312.463.5001

Attorneys for Plaintiff NIKE, Inc.

FILED'05 NOV 15 13:47USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CV '05 1734

**NIKE, INC.**, an Oregon corporation,

Plaintiff,

v.

**HIREKO TRADING COMPANY, INC.**, a California corporation, and **PINEMEADOW GOLF PRODUCTS, INC.**, an Oregon corporation,

Defendants.

**Civil No.**

**COMPLAINT**
**(Patent Infringement)**

***JURY TRIAL DEMANDED***

* * * * *

* * * * *



6493

Plaintiff, NIKE, Inc., by and through its attorneys, makes this Complaint against Defendants, Hireko Trading Company, Inc. and Pinemeadow Golf Products, Inc., seeking (1) judgment that Defendants have willfully infringed NIKE's United States Design Patent Nos. D461,513; D461,862; D475,108; D487,491; D487,492; D487,493; D488,203; D490,489; D499,781; and D499,782, (2) an injunction against further infringements, and (3) an award of treble damages or Defendants' profits, whichever is greater, attorneys' fees, and costs, all as provided by the Patent Act. In support of this Complaint, NIKE states as follows:

**THE PARTIES**

1. Plaintiff, NIKE, Inc. ("NIKE") is a corporation organized under the laws of the State of Oregon and has a principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

2. Defendant Hireko Trading Company, Inc. is a corporation organized and existing under the laws of the State of California and has a principal place of business at 16185 Stephens Street, City of Industry, California 91745 (hereafter "Hireko").

3. Defendant Pinemeadow Golf Products, Inc. is a corporation organized and existing under the laws of the State of Oregon and has a principal place of business at 33 S.E. Second Ave., Portland, Oregon 97293 (hereafter "Pinemeadow").

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

6. This Court may exercise personal jurisdiction over Hireko based upon Hireko's

contacts with this forum, including, at least, regularly and intentionally doing business here and having offered to sell and sold products covered by NIKE's patents within this forum.

7. This Court may exercise personal jurisdiction over Pinemeadow because Pinemeadow has a principal place of business in Oregon and regularly does business within this judicial district, including selling and/or offering to sell products covered by NIKE's patents.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) because Defendants regularly do business, have committed acts of infringement, and are subject to personal jurisdiction here.

## GENERAL ALLEGATIONS – THE NIKE DESIGN PATENTS

9. For many years, NIKE has continuously engaged in the development, manufacture and sale of a wide array of athletic and fashion footwear, apparel, and sports equipment. Today, among many other things, NIKE develops, manufactures, and sells golf equipment, including golf clubs.

10. Over the years, NIKE has taken steps to protect its innovative golf club designs. For example, NIKE owns various United States design patents covering its golf club designs. In particular, NIKE is and has been the owner of all right, title, and interest to each of the United States design patents identified in Table 1 below (hereafter, the "NIKE Design Patents") since the date each NIKE Design Patent duly and legally issued to NIKE. A copy of each NIKE Design Patent is attached to this Complaint as indicated in Table 1.

| TABLE 1: NIKE DESIGN PATENTS | | |
|---|---|---|
| **United States Design Patent Number** | **Issue Date of Patent** | **Complaint Exhibit** |
| D461,513 ('513 patent) | August 13, 2002 | A |
| D461,862 ('862 patent) | August 20, 2002 | B |
| D475,108 ('108 patent) | May 27, 2003 | C |
| D487,491 ('491 patent) | March 9, 2004 | D |
| D487,492 ('492 patent) | March 9, 2004 | E |
| D487,493 ('493 patent) | March 9, 2004 | F |
| D488,203 ('203 patent) | April 6, 2004 | G |
| D490,489 ('489 patent) | May 25, 2004 | H |
| D499,781 ('781 patent) | December 14, 2004 | I |
| D499,782 ('782 patent) | December 14, 2004 | J |

## GENERAL ALLEGATIONS – DEFENDANTS' INFRINGING ACTIVITIES

11. On information and belief, Hireko is in the business of manufacturing, or having manufactured, offering to sell, selling, and importing golf club components, including golf club heads, shafts, and grips, that simulate the designs of major manufacturer's golf clubs, such as NIKE's golf clubs. On information and belief, Hireko also assembles, offers to sell, and sells complete golf clubs using these components.

12. Hireko offers to sell and sells its products through, among other things, its highly interactive website at www.hirekogolf.com. On its website, Hireko also sells accessories and tools, and provides instructional tutorials, for assembling the golf club components it sells.

13. In addition to its website, Hireko promotes, offers to sell, and sells its products at trade shows, including the PGA Merchandise Show held annually in Orlando, Florida. According to the PGA Merchandise Show website, "[t]ens of thousands of PGA Professionals,

retailers and industry professionals from all 50 U.S. states and more than 70 countries visited with 1,202 golf-related exhibitors" at the 2005 PGA Merchandise Show. (*See* www.pgamerchandiseshow.com/App/homepage.cfm?appname=100248&moduleID=1897&LinkID=17093&campaignid=10007&iUserCampaignID=20006016). Among other things, Hireko and other golf equipment manufacturers promote, offer to sell, and sell their products to retailers for resale all across the country at the PGA Merchandise Show.

14. Without NIKE's authorization, Hireko made, used, offered to sell, sold, and/or imported into the United States numerous golf clubs and/or golf club components, including golf club heads, having designs that are covered by the NIKE Design Patents (the "Infringing Clubs"). Upon information and belief, the Infringing Clubs are intentionally designed to look like NIKE golf clubs.

15. Among other things, Hireko has promoted, offered to sell, and sold, and—on information and belief—continues to sell, various Infringing Clubs, including drivers, woods, irons, and putters through its website and at the PGA Merchandise Show. For example, at the January 2004 PGA Merchandise Show, Hireko promoted, offered to sell, and sold its Synchron Hot Forged drivers, woods, and irons, as well as its Synchron Soft Steel irons that are covered by NIKE's '108, '513, and '862 patents.

16. On January 31, 2004, during the PGA Show, NIKE provided Hireko with notice of its infringements under 35 U.S.C. § 287. A copy of NIKE's January 2004 notice letter is attached as Complaint Exhibit K. Charts 1 and 2 below, demonstrate Hireko's infringement, comparing figures from NIKE's '108, '513, and '862 patents with images of Hireko's Infringing Clubs.

**Chart 1: Hireko's Infringement of NIKE Design Patent D475,108.**




D475,108, Fig. 2

Hireko Synchron Hot Forged Irons

**Chart 2: Hireko's Infringement of NIKE Design Patents D461,513 and D461,862.**




D461,513, Fig. 7

D461,862, Fig. 7

Hireko Synchron Drivers and Woods

17. At the January 2004 PGA Merchandise Show, Hireko also promoted, offered to sell, and sold its Synchron Medic irons and Synchron Hybrid Utility clubs that are covered by NIKE's '491, 492, '493, and '489 patents. Because these NIKE Design Patents had not yet issued from the United States Patent and Trademark Office at the time of the 2004 PGA Merchandise Show, NIKE advised Hireko in its January 31, 2004 notice letter (Exhibit K) that these patents would soon issue, provided Hireko with the designs covered by the soon-to-issue patents, and notified Hireko that its Synchron Medic irons and Synchron Hybrid Utility clubs would be infringing when the patents issued.

18. On March 16, 2004, NIKE advised Hireko that its '491, 492, and '493 patents had issued and reiterated its notice of infringement under 35 U.S.C. § 287. A copy of NIKE's March 16, 2004, letter is attached as Complaint Exhibit L. Hireko's infringement of these patents is demonstrated in Chart 3 below, which compares figures from NIKE's '491, 492, and '493 patents, as well as the '203 patent, with an image of Hireko's Synchron Medic irons.

**Chart 3: Hireko's Infringement of NIKE Design Patents D487,491; D487,492; D487,493; and D488,203.**



D487,491, Fig. 1

D487,492, Fig. 1

D487,493, Fig. 1

D488,203, Fig. 3

Hireko Synchron Medic Irons

19. Later in 2004, after NIKE's '489 patent issued, NIKE notified Hireko that its Synchron Medic Hybrid Utility clubs infringe the newly issued patent. NIKE confirmed its notice of infringement under 35 U.S.C. § 287 on January 14, 2005, before the 2005 PGA Merchandise Show. A copy of NIKE's January 14, 2005 letter is attached as Complaint Exhibit M. Hireko's infringement of the '489 patent is demonstrated in Chart 4 below, which compares a figure from the '489 patent with an image of Hireko's Synchron Medic Hybrid Utility

club.

**Chart 4: Hireko's Infringement of NIKE Design Patent D490,489.**




D490,489, Fig. 5

Hireko Synchron Medic Hybrid

20. Approximately two weeks after NIKE's January 14, 2005 letter (Exhibit M), and despite NIKE's repeated warnings that Hireko's Synchron Medic Hybrid clubs infringe NIKE's '489 patent, Hireko promoted, offered to sell, and sold its infringing Synchron Medic Hybrid clubs at the January 2005 PGA Merchandise Show.

21. At the 2005 PGA Merchandise Show, Hireko also promoted, offered to sell, and sold its Technica LT-350 putters that are covered by NIKE's '781 and '782 patents. NIKE notified Hireko of its continuing infringement of the '489 patent and its infringement of the '781 and '782 patents under 35 U.S.C. § 287 on January 28, 2005. That letter is attached as Complaint Exhibit N. Chart 5 below demonstrates Hireko's infringement of the '781 and '782 patents with figures from those patents compared with images of Hireko's Technica LT-350 putter.

**Chart 5: Hireko's Infringement of NIKE Design Patents D499,781 and D499,782.**



D499,781, Fig. 2

D499,782, Fig. 1

Hireko Technica Putters

22. Despite repeated warnings, Hireko has continuously, repeatedly, and willfully infringed the NIKE Design Patents. Indeed, based upon Hireko's representations, Hireko sold thousands of sets of Infringing Clubs after receiving NIKE's various notices of infringement under 35 U.S.C. § 287. For example, according to Hireko, it sold approximately 2,800 sets of its Synchron Medic irons after receiving NIKE's March 16, 2004 notice of infringement. Moreover, on information and belief, each set of Hireko's Synchron Medic irons includes eight different clubs: 3 iron, 4 iron, 5 iron, 6 iron, 7 iron, 8 iron, 9 iron, and pitching wedge. Thus, Hireko has sold tens of thousands of Infringing Clubs after receiving notice of its infringements.

23. In addition to its direct promotion, offers to sell, and sales of Infringing Clubs,

Hireko has developed a network of retailers around the country that have, and continue to, promote, offer to sell, and sell Infringing Clubs. For example, Pinemeadow has sold and offered to sell various Infringing Clubs from within this judicial district. Among other things, Pinemeadow promotes and sells Infringing Clubs through www.pinemeadowgolf.com, which is self-described as "the electronic commerce site for Pinemeadow Golf Products, Inc., located in beautiful Portland, Oregon. … We make and sell clubs all over the world and can be seen in many of your local sporting goods stores, mass merchandisers, warehouse clubs and golf shops." (*See* www.pinemeadowgolf.com/aboutus.html). An example of Pinemeadow's promotion of Hireko's infringing Synchron Medic irons, which invites a direct comparison to NIKE's products, is shown in Chart 6 below.




**Chart 6: Pinemeadow Advertisement for Hireko Synchron Medic Irons at www.pinemeadowgolf.com/golf-clubs/irons/irons.i3110-10.**

24. On information and belief, Hireko and its various retailers, including Pinemeadow, continue to promote, offer to sell, and sell Infringing Clubs in knowing violation of

NIKE's Design Patents.

25. On information and belief, Hireko's and Pinemeadow's knowing and repeated infringement of the NIKE Design Patents has been and continues to be intentional and willful.

**COUNT I:**
**PATENT INFRINGEMENT**

26. NIKE re-alleges each and every allegation set forth in paragraphs 1 through 25 above, inclusive, and incorporates them by reference herein.

27. Hireko and Pinemeadow have made, used, offered to sell, sold, and/or imported into the United States, and still are making, using, offering to sell, selling, and/or importing into the United States, golf club components having designs that infringe the NIKE Design Patents without NIKE's authorization.

28. Upon information and belief, Hireko has been and still is inducing others to infringe the NIKE Design Patents and/or is contributing to others' infringement of the NIKE Design Patents.

29. Defendants' infringements have been intentional and willful, making this an exceptional case.

30. NIKE has been and will continue to be irreparably harmed by Defendants' infringements of the NIKE Design Patents.

**RELIEF REQUESTED**

**WHEREFORE,** plaintiff NIKE respectfully prays for:

A. Judgment that Defendants willfully infringed the NIKE Design Patents in violation of 35 U.S.C. §§ 271(a), (b), and (c);

B. An injunction against further infringement of the NIKE Design Patents by Defendants, their agents, servants, employees, officers, and all others controlled by them;

C. An award of damages adequate to compensate NIKE for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendants' willful patent infringement, or an award of Defendants' profits from its infringements pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interest and costs;

D. An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest; and

E. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, NIKE demands a jury trial on all issues raised in this Complaint triable to a jury.

DATED: November 14, 2005.

Respectfully submitted,

TONKON TORP LLP

By ______________________

Jon P. Stride, OSB No. 90388
Direct Dial: 503.802.2034
Direct Facsimile: .503.972.3734
Email: jons@tonkon.com

Christopher J. Renk
Erik S. Maurer
Michael J. Harris
Banner & Witcoff, Ltd.
10 South Wacker Drive
Suite 3000
Chicago, Illinois 60606
Email: crenk@bannerwitcoff.com
emaurer@bannerwitcoff.com
mharris@bannerwitcoff.com
Telephone: 312.463.5000
Facsimile: 312.463.5001
Attorneys for Plaintiff, NIKE, Inc.